UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASEAL DE-LEON DIAZ,

            Plaintiff,

v.

UNITED STATES OF AMERICA,

            Defendant.

Case No. 25-CV-593-JPS

**ORDER**

In March 2025, Plaintiff Aseal De-Leon Diaz ("Plaintiff" or "Diaz"), who is currently incarcerated at FCI Gilmer in West Virginia, sued the United States of America under the Federal Tort Claims Act ("FTCA") in the Northern District of West Virginia for events that allegedly occurred while Diaz was in Immigration and Customs Enforcement ("ICE") custody in Chicago, Illinois in April 2011. *See generally* ECF No. 1; *see also* ECF No. 1-1 at 1. Specifically, Diaz contends that staff at this ICE facility denied him medical care for his tuberculosis, ostensibly on the ground that he was going to be deported three days later. ECF No. 1 at 6; ECF No. 1-1 at 1–2.

Judge Gina M. Groh of the Northern District of West Virginia ("Judge Groh") ordered the case transferred to this District. ECF No. 8.[1] Her

---

[1] To the extent that Judge Groh relied on 28 U.S.C. § 1404(a) as a basis for transfer authority, she appears to have done so in error, since she had already concluded that venue was not proper in the Northern District of West Virginia. ECF No. 8 at 1 ("[T]he Court finds that [Diaz]'s claims . . . are not properly reviewable . . . in this jurisdiction."); *id.* at 2 (citing 28 U.S.C. § 1404(a) as authority to transfer the case). Section 1404(a) statute authorizes a transfer only from a court in which venue is already proper. 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district . . . where it might have been brought . . . ."); *Moore v. Magiera Diesel Injection Servs.*, No. 18 C 3762, 2019 U.S.

reasoning for so ordering was that "there are no ICE detention facilities in the state of Illinois" and "the Dodge Detention Facility is part of the Chicago Field Office, but is located in Juneau, Wisconsin." *Id.* at 1 n.1 (citations omitted). Plaintiff's materials do not appear to reference the Dodge Detention Facility, so it is unclear to the Court why Judge Groh settled on that facility as the relevant one.[2]

In sum, the Court is not convinced that venue is proper in this District. The Court accordingly turns to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court has "broad discretion" in determining whether to transfer or dismiss the case under this section. *Murphy v. Wexford Health Sources, Inc.*, No. 19-cv-07788, 2020 U.S. Dist. LEXIS 247576, at *6 (N.D. Ill. Sept. 21, 2020) (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).

The Court cannot conclude that it would be in the interest of justice to transfer, rather than dismiss, this case because it is plainly time barred and subject to inevitable dismissal on that basis. The events about which Plaintiff complains occurred in 2011, over a decade ago. ECF No. 1-1 at 1.

---

Dist. LEXIS 100752, at *12 (N.D. Ill. June 17, 2019) ("[Section] 1404(a) may be deployed only if venue is proper in the district where the case was filed . . . ." (citing 15 WRIGHT, MILLER & COOPER, FED. PRAC. AND PROC. § 3844 (4th ed. 2011 & Supp. 2019))).

[2] In addition to the Dodge Detention Facility in Wisconsin, the Chicago Field Office also has facilities in Kansas, Indiana, Kentucky, Oklahoma, and Missouri. *Detention Facilities*, U.S. IMMIGR. AND CUSTOMS ENF'T, available at https://www.ice.gov/detention-facilities (filtered by Chicago Field Office) (last visited May 15, 2025). Plaintiff's allegations have no clear connection to Wisconsin or to this District.

"[T]he FTCA's statute of limitations . . . bars any claim against the United States 'unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.'" *P.W. v. United States*, 990 F.3d 515, 519 (7th Cir. 2021) (quoting 28 U.S.C. § 2401(b)). An FTCA claim accrues "the first time the plaintiff knew, or a reasonably diligent person in the plaintiff's position, reacting to any suspicious circumstances of which he . . . might have been aware, would have discovered that an act or omission attributable to the government could have caused his . . . injury." *Id.* at 519–20 (quoting *Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011)).

Plaintiff's claims relate to his treatment, or rather lack thereof, by staff at the ICE facility in April 2011, and they accrued at that time; there is no reason to believe that Plaintiff or a reasonably diligent person in his shoes would not at that time have been able to attribute his injuries to the government employees who allegedly withheld treatment from him. Plaintiff now contends that "he had [n]o [i]dea that [h]is [r]ights were protected [i]n this [r]egard" at that time, ECF No. 1-1 at 1, but ignorance about one's legal rights does not toll the statute of limitations. *See, e.g., Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018) (citing *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) and *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

Plaintiff accordingly had until approximately April 2013 to present his claim in writing "to the appropriate Federal agency." 28 U.S.C. § 2401(b). Plaintiff did not do so; he asserts that he completed and sent an FTCA Claim Form to the Department of Justice in June 2024. ECF No. 1 at 5. In any event, he also had to commence his FTCA action "within six years" of the accrual of the claim, § 2401(a), which he also failed to do. His claim is therefore plainly time barred, so the Court cannot conclude that it would

be in the interest of justice to transfer, rather than dismiss, this case. The Court accordingly orders that this case be dismissed and that Plaintiff's pending motions be denied as moot.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. § 1406(a);

**IT IS FURTHER ORDERED** that Plaintiff Aseal De-Leon Diaz's motion for leave to proceed in forma pauperis, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff Aseal De-Leon Diaz's motion for appointment of counsel, ECF No. 2, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.